

**ORIGINAL**
FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUN 26 2009

JAMES N. HATTEN, Clerk
By / Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SYNCHROME TECHNOLOGY INC., | § § § |
| Plaintiff, | § C.A. No. **1 09-CV-1736** |
| v. | § **JURY TRIAL DEMANDED JEC** |
| LG ELECTRONICS U.S.A., INC., SAMSUNG ELECTRONICS AMERICA, INC., TOSHIBA AMERICA INFORMATION SYSTEMS, INC., PANASONIC CORPORATION OF NORTH AMERICA, HITACHI AMERICA, LTD., | § § § § § § § |
| Defendants. | § |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Synchrome Technology Inc. ("Synchrome") brings this action against Defendants LG Electronics U.S.A., Inc., Samsung Electronics America, Inc., Toshiba America Information Systems, Inc., Panasonic Corporation of North America, and Hitachi America, Ltd., alleging as follows:

## NATURE OF LAWSUIT

1.      This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

## THE PARTIES

2.      Plaintiff Synchrome is a Nevada corporation with its principal place of business at 5348 Vegas Drive, No. 567, Las Vegas, Nevada 89108.  Synchrome is the assignee of, owns all right, title and interest in, and has standing to sue for infringement of United States Patents No. 5,802,398, entitled "Method And Apparatus For Allowing Communication Between a Host Computer And At Least Two Storage Devices Over A Single Interface" issued September 1, 1998 ("the '398 patent") (A true and exact copy of this patent is attached as Exhibit A hereto) and No. 6,304,925 entitled "Method And Apparatus For Allowing Communication Between a Host Computer And At Least Two Storage Devices Over A Single Interface" issued October 16, 2001 ("the '925 patent") (A true and exact copy of this patent is attached as Exhibit B hereto). The '398 and '925 patents are referred to collectively herein where appropriate as the "Synchrome Patents."

3.      Defendant LG Electronics U.S.A., Inc. ("LG Electronics") is a Delaware corporation with a principal place of business at 1000 Sylvan Ave.,

DM1\1797935.1

Englewood Cliffs, New Jersey 07632-3302. Upon information and belief, LG Electronics transacts business and has sold to customers in this judicial district and throughout the State of Georgia products that infringe claims of the Synchrome Patents. LG Electronics' registered agent for service of process in Georgia is Corporation Service Company, 40 Technology Pkwy South, #300, Norcross, Georgia 30092.

4. Defendant Samsung Electronics America, Inc. ("Samsung") is a New York corporation with a principal place of business at 105 Challenger Rd., Ridgefield Park, New Jersey 07660-2106. Upon information and belief, Samsung transacts business and has sold to customers in this judicial district and throughout the State of Georgia products that infringe claims of the Synchrome Patents. Samsung's registered agent for service of process in Georgia is C T Corporation System, 1201 Peachtree Street, N.E., Atlanta, Georgia 30361.

5. Defendant Toshiba America Information Systems, Inc. ("Toshiba") is a California corporation with a principal place of business at 9740 Irvine Blvd, Irvine, California 92618-1608. Upon information and belief, Toshiba transacts business and has sold to customers in this judicial district and throughout the State of Georgia products that infringe claims of the Synchrome Patents. Toshiba

registered agent for service of process in Georgia is C T Corporation System, 1201 Peachtree Street, N.E., Atlanta, Georgia 30361.

6.  Defendant Panasonic Corporation of North America ("Panasonic") is a Delaware corporation with a principal place of business at One Panasonic Way, Secaucus, New Jersey 07094-2917. Upon information and belief, Panasonic transacts business and has sold to customers in this judicial district and throughout the State of Georgia products that infringe claims of the Synchrome Patents. Panasonic's registered agent for service of process in Georgia is C T Corporation System, 1201 Peachtree Street, N.E., Atlanta, Georgia 30361.

7.  Defendant Hitachi America, Ltd., ("Hitachi") is a New York corporation with a principal place of business at 50 Prospect Ave, Tarrytown, New York 10591-4625. Upon information and belief, Hitachi transacts business and has sold to customers in this judicial district and throughout the State of Georgia products that infringe claims of the Synchrome Patents. Hitachi's registered agent for service of process in Georgia is The Prentice-Hall Corp. System, 40 Technology Pkwy South, #300 Norcross, Georgia 30092.

## JURISDICTION AND VENUE

8. This Court has exclusive jurisdiction over the subject matter of the Complaint under the laws of the United States concerning actions related to patents under 28 U.S.C. §§ 1331 and 1338(a).

9. Personal Jurisdiction over the Defendants is proper in this Court. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b), (c) and/or 1400(b).

## DEFENDANTS' ACTS OF PATENT INFRINGEMENT

10. Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1 through 9.

11. Upon information and belief, LG Electronics has infringed the Synchrome Patents by making, offering for sale, importing, selling and/or using computer products incorporating methods and structures protected by one or more claims of the Synchrome Patents, including by way of example but not limitation, optical drives intended for inclusion in a computing system, such as for example the LG Electronics optical writer disk drive, model number GH22NP20 Super Multi, which physically has or performs all of the basic elements contained in the claims of Synchrome Patents and further infringes under the doctrine of equivalents. LG Electronics has also infringed the Synchrome Patents by

knowingly and actively inducing others to infringe and by contributing to the infringement by others.

12.     Upon information and belief, LG Electronics' infringement, contributory infringement and inducement to infringe have been willful and deliberate and have irreparably injured and will continue to irreparably injure Synchrome unless and until the Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, importation, sale and/or offer for sale of products that fall within the scope of the Synchrome Patents.

13.     Upon information and belief, Samsung has infringed the Synchrome Patents by making, offering for sale, importing, selling and/or using computer products incorporating methods and structures protected by one or more claims of the Synchrome Patents, including by way of example but not limitation, optical drives intended for inclusion in a computing system, such as for example the Samsung optical writer disk drive, model number SH-S222L, which physically has or performs all of the basic elements contained in the claims of the Synchrome Patents and further infringes under the doctrine of equivalents. Samsung has also infringed the Synchrome Patents by knowingly and actively inducing others to infringe and by contributing to the infringement by others.

14. Upon information and belief, Samsung's infringement, contributory infringement and inducement to infringe have been willful and deliberate and have irreparably injured and will continue to irreparably injure Synchrome unless and until the Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, importation, sale and/or offer for sale of products that fall within the scope of the Synchrome Patents.

15. Upon information and belief, Toshiba has infringed the Synchrome Patents by making, offering for sale, importing, selling and/or using computer products incorporating methods and structures protected by one or more claims of the Synchrome Patents, including by way of example but not limitation, optical drives intended for inclusion in a computing system, such as for example the Toshiba optical writer disk drive, model number SD-R5372, which physically has or performs all of the basic elements contained in the claims of the Synchrome Patents and further infringes under the doctrine of equivalents. Toshiba has also infringed the Synchrome Patents by knowingly and actively inducing others to infringe and by contributing to the infringement by others.

16. Upon information and belief, Toshiba's infringement, contributory infringement and inducement to infringe have been willful and deliberate and have injured and will continue to injure Synchrome unless and until the Court enters an

injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, importation, sale and/or offer for sale of products that fall within the scope of the Synchrome Patents.

17. Upon information and belief, Panasonic has infringed the Synchrome Patents by making, offering for sale, importing, selling and/or using computer products incorporating methods and structures protected by one or more claims of the Synchrome Patents, including by way of example but not limitation, optical drives intended for inclusion in a computing system, such as for example the Panasonic optical writer disk drive, model number SW-9585-C, which physically has or performs all of the basic elements contained in the claims of the Synchrome Patents and further infringes under the doctrine of equivalents. Panasonic has also infringed the Synchrome Patents by knowingly and actively inducing others to infringe and by contributing to the infringement by others.

18. Upon information and belief, Panasonic's infringement, contributory infringement and inducement to infringe have been willful and deliberate and have injured and will continue to injure Synchrome unless and until the Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, importation, sale and/or offer for sale of products that fall within the scope of the Synchrome Patents.

19. Upon information and belief, Hitachi has infringed the Synchrome Patents by making, offering for sale, importing, selling and/or using computer products incorporating methods and structures protected by one or more claims of the Synchrome Patents, including by way of example but not limitation optical drives intended for inclusion in a computing system, such as for example the Hitachi optical writer disk drive, model number GF-2000, which physically has or performs all of the basic elements contained in the claims of the Synchrome Patents and further infringes under the doctrine of equivalents. Hitachi has also infringed the Synchrome Patents by knowingly and actively inducing others to infringe and by contributing to the infringement by others.

20. Upon information and belief, Hitachi's infringement, contributory infringement and inducement to infringe have been willful and deliberate and have irreparably injured and will continue to irreparably injure Synchrome unless and until the Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, importation, sale and/or offer for sale of products that fall within the scope of the Synchrome Patents.

## **PRAYER FOR RELIEF**

WHEREFORE, Synchrome asks this Court to enter judgment against defendants and against their subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with them, ordering as follows:

A. Adjudicating that Defendants have infringed, induced, and/or contributed to the infringement of one or more claims of the Synchrome Patents;

B. Enjoining further infringement, inducement and contributory infringement of each of the Synchrome Patents by Defendants and their officers, agents, servants, employees, attorneys and all persons in active concert or participation with them;

C. An award of actual damages adequate to compensate Synchrome for the infringement that has occurred, but no less than a reasonable royalty, to Synchrome for Defendants' infringement of the Synchrome Patents;

D. That Defendants pay treble damages as permitted under 35 U.S.C. § 284 by reason of Defendants' deliberate and willful infringement of the Synchrome Patents;

E. That Defendants be granted prejudgment and postjudgment interest on the damages caused to it by reason of Defendants' infringement of the Synchrome Patents;

F. That Defendants pay Synchrome's costs and expenses as provided under 35 U.S.C. § 284;

G. That this case be declared an exceptional case pursuant to 35 U.S.C. § 285 in view of the deliberate and willful nature of the infringement by Defendants and that Synchrome according be awarded its reasonable attorneys' fees; and

H. Such other and further relief as this Court or a jury may deem proper and just.

## JURY DEMAND

Synchrome demands a trial by jury on all issues so triable.

Dated this 26 day of June, 2009.

                                                  Respectfully submitted,

                                                  L. Norwood Jameson
                                                  Georgia Bar No. 003970
                                                  (wjameson@duanemorris.com)
                                                  Leah J. Poynter
                                                  Georgia Bar No. 586605
                                                  (lpoynter@duanemorris.com)

                                                  DUANE MORRIS, LLP
                                                  1180 West Peachtree Street, Suite 700
                                                  Atlanta, Georgia 30309
                                                  (404) 253-6900 (Telephone)
                                                  (404) 253-6901 (Facsimile)

                                                  *ATTORNEYS FOR PLAINTIFF*
                                                  *SYNCHROME TECHNOLOGY INC.*

DM1\1797935.1