# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SYNCHROME TECHNOLOGY INC., | § § § |
| Plaintiff, | § § Case No. 1:09-cv-01736-JEC |
| v. | § § **JURY TRIAL DEMANDED** |
| LG ELECTRONICS U.S.A., INC., SAMSUNG ELECTRONICS AMERICA, INC., TOSHIBA AMERICA INFORMATION SYSTEMS, INC., PANASONIC CORPORATION OF NORTH AMERICA, HITACHI AMERICA, LTD., | § § § § § § § § § |
| Defendants. | § |

## PLAINTIFF/COUNTERCLAIM DEFENDANT SYNCHROME TECHNOLOGY INC.'S ANSWER TO PANASONIC CORPORATION OF NORTH AMERICA'S COUNTERCLAIMS

COMES NOW Plaintiff Synchrome Technology Inc. ("Synchrome") and hereby answers the Counterclaims of Panasonic Corporation of North America ("PNA") as follows:

Synchrome states that paragraphs 1-30 of the Answer and Counterclaims of PNA are not in a form appropriate for response and do not require any admission

or denial. Synchrome further states that it stands by the allegations of its Complaint.

## COUNTERCLAIMS

31. Paragraph 31 contains no allegation and thus requires no response; to the extent a response is required, Synchrome denies.

## THE PARTIES

32. On information and belief, Synchrome admits the allegations of this paragraph.

33. Admits.

## JURISDICTION AND VENUE

34. Admits.

35. Admits.

36. Admits.

37. Admits.

## FIRST COUNTERCLAIM

(**Declaratory Judgment of Non-Infringement, Invalidity, and Unenforceability of the '398 Patent**)

38. Synchrome incorporates by reference its answers to the allegations of paragraphs 32-37 in the Defendant's Counterclaims as if fully set forth herein.

39. Synchrome admits that there is a substantial, actual, and continuing controversy between PNA and the Counterclaim Defendant as to the infringement, validity, and enforceability of the '398 patent. Synchrome states that PNA has infringed and continues to infringe the '398 patent and further states that the '398 patent is valid; Synchrome admits that PNA denies Synchrome's allegations of infringement and admits that PNA denies that the claims of the '398 patent are valid.

40. Synchrome admits that PNA asserts the counterclaim against Counterclaim Defendant for declaratory relief that the '398 patent is not infringed. Synchrome states that PNA has infringed and continues to infringe the '398 patent.

41. Synchrome admits that PNA asserts the counterclaim against Counterclaim Defendant for declaratory relief that the '398 patent is invalid for failure to satisfy one or more requirements of Title 35. Synchrome states that the '398 patent is valid.

42. Denies.

## SECOND COUNTERCLAIM

**(Declaratory Judgment of Non-Infringement, Invalidity, and Unenforceability of the '925 Patent)**

43. Synchrome incorporates by reference its answers to the allegations of paragraphs 32-42 in the Defendant's Counterclaims as if fully set forth herein.

44. Synchrome admits that there is a substantial, actual, and continuing controversy between PNA and the Counterclaim Defendant as to the infringement, validity, and enforceability of the '925 patent. Synchrome states that PNA has infringed and continues to infringe the '925 patent and further states that the '925 patent is valid; Synchrome admits that PNA denies Synchrome's allegations of infringement and admits that PNA denies that the claims of the '925 patent are valid.

45. Synchrome admits that PNA asserts the counterclaim against Counterclaim Defendant for declaratory relief that the '925 patent is not infringed. Synchrome states that PNA has infringed and continues to infringe the '925 patent.

46. Synchrome admits the PNA asserts the counterclaim against Counterclaim Defendant for declaratory relief that the '925 patent is invalid for failure to satisfy one or more requirements of Title 35. Synchrome states that the '925 patent is valid.

47. Denies.

## **GENERAL DENIAL**

Except as specifically admitted above, Synchrome denies each and every allegation contained in the Counterclaims and denies PNA is entitled to any relief

requested in Paragraphs **a** through **h** of Defendant's Counterclaims and its Prayer for Relief.

Dated this 23rd day of September, 2009.

Respectfully submitted,

/s/ Leah J. Poynter
L. Norwood Jameson
Georgia Bar No. 003970
(wjameson@duanemorris.com)
Leah J. Poynter
Georgia Bar No. 586605
(lpoynter@duanemorris.com)

DUANE MORRIS, LLP
1180 West Peachtree Street, Suite 700
Atlanta, Georgia 30309
(404) 253-6900 (Telephone)
(404) 253-6901 (Facsimile)

Patrick D. McPherson *(pro hac vice)*
(pdmcpherson@duanmorris.com)
Barry P. Golob *(pro hac vice)*
(bgolob@duanemorris.com)
John Matthew Baird *(pro hac vice)*
(jmbaird@duanemorris.com)

DUANE MORRIS, LLP
505 9th Street NW, Suite 1000
Washington , DC 20004-2166
(202) 776-7800 (Telephone)
(202) 776- 7801 (Facsimile)

*ATTORNEYS FOR PLAINTIFF SYNCHROME TECHNOLOGY INC.*

# CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that, on September 23, 2009, a true and correct copy of the foregoing PLAINTIFF/COUNTERCLAIM DEFENDANT SYNCHROME TECHNOLOGY INC.'S ANSWER TO PANASONIC CORPORATION OF NORTH AMERICA'S COUNTERCLAIMS was filed with the Clerk of Court by using CM/ECF System, which will send a notice of electronic filing to all counsel on record.

    /s/ Leah J. Poynter
Leah J. Poynter
Georgia Bar No. 586605