IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SYNCHROME TECHNOLOGY, INC., | |
| Plaintiff, | Case No. 1:09-cv-1736-SCJ |
| vs. | JURY TRIAL DEMANDED |
| LG ELECTRONICS U.S.A., INC., et al., | |
| Defendants. | |

# REDACTED OPPOSITION TO MOTION TO ENFORCE SETTLEMENT

## INTRODUCTION

LG placed its defense eggs in the reexamination basket. In requesting a stay pending its reexamination requests, LG stated again and again that there was an "overwhelming probability" that the '925 patent would be invalidated. The Patent Office put an end to LG's hyperbole by rejecting its final reexamination request on September 30, 2011. LG now seeks to enforce ▮▮▮▮▮▮▮▮ from Synchrome ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, that LG did not timely or unconditionally accept and that was missing other essential terms. Under settled contract principles, LG's reexamination loss cannot be twisted into a settlement victory, and its Motion must be denied.

## STATEMENT OF FACTS

The simple facts are these.  The Court granted a stay pending LG's third reexamination request of the '925 patent on August 8, 2011.  Dkt. No. 183.  LG's counsel then sought to reconvene settlement discussions that had been dormant since March 2010.  Dkt. No. 193; c*ompare* Exhs. 14 and 16.[1]  In his August 22, 2011 letter, Mr. Jenner stated the following:



Dkt. No. 193, Exh. 16.  LG therefore set the settlement discussion table – any bargain and settlement to be negotiated ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  *Id.*  With this express

---

[1] LG's comment that "Synchrome reduced its monetary demand from nearly ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" is a sleight of hand.  Dkt. No. 193, p. 1.  The early 2010 and August/September 2011 settlement discussions were separate and conducted under different circumstances, as described fully herein.  *Compare* Dkt. No. 193, Exhs. 1-14 *with* Exhs. 16-27.

understanding, the parties commenced negotiating a ▓▓▓▓▓▓▓▓▓▓ in their previous 2010 settlement demands, in which LG had offered ▓▓▓▓▓▓ and Synchrome ▓▓▓▓▓ to resolve the action.  Dkt. No. 193, Exhs. 7 and 14.

With the reexamination pending, LG initially offered ▓▓▓▓▓ on August 24, 2011 and Synchrome responded on September 17, 2011 with ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.  Declaration of Michael Rounds ("Rounds Decl.") ¶ 2, Dkt. No. 193, Exh. 18.  LG then offered ▓▓▓▓▓▓ on September 22, 2011 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, and Synchrome responded with a "bottom line" of ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.  Dkt. No. 193, Exh. 20.  At this juncture, the parties being ▓▓▓▓▓ apart, Synchrome did not believe the case would settle.  Declaration of Robert Werbicki ("Werbicki Decl.") ¶ 2.

On Friday, September 30, 2011, the Patent Office finally rejected LG's third reexamination request.  Dkt. No. 184-1.  After analyzing LG's asserted prior art in detail, the Patent Office concluded that "all claims under reexamination, claims 1-23 and 33-41, are confirmed." *Id.,* p. 12.  The September 30, 2011 decision to terminate the reexamination and issue a reexamination certificate was published on the Patent Office website, where both Synchrome and LG reviewed it that same day.  Rounds Decl. ¶ 3, Exhibit A.  Synchrome and its counsel discussed the

reexamination result over the weekend, intending to formally and promptly withdraw the ███████. Rounds Decl. ¶ 4.

Unfortunately, on Monday, October 3, 2011, Synchrome's counsel was traveling to Washington D.C. and could not immediately contact LG's counsel. Rounds Decl. ¶ 5. That same morning at 9:12 a.m. E.S.T., LG attempted to turn its loss into good fortune:



Dkt. No. 193, Exh. 23. Synchrome's counsel responded shortly thereafter from Chicago, advising LG that "████████████████████████████████████████." *Id.,* Exh. 24. In additional emails, Synchrome advised LG that it did not agree to have ████████ from the settlement ███ and that other material agreement terms had not been addressed. *Id.,* Exh.'s 25 and 26. The ████████████████, in particular, was a significant █ issue that Synchrome had experienced with ████████ and would not have agreed to. Werbicki Decl. ¶¶ 4-6. The parties ultimately

4

disputed whether an agreement had been reached, resulting in LG filing the present Motion. *Id.*

LG has not denied that Synchrome's ▬▬▬ offer was based upon ▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. *See* Dkt. No. 193 and Exhibits 16, 24-27. LG has also not denied that its alleged acceptance materially changed Synchrome's ▬▬▬ offer. *Id.* In short, LG's Motion is a transparent bad faith attempt to turn its loss at the Patent Office to its advantage. No settlement agreement has been reached as a matter of law, as set forth below.

## ARGUMENT

Under Georgia law, an agreement alleged to be in settlement and compromise of a pending lawsuit must meet the same requisites of formation and enforceability as any other contract. *Blum v Morgan Guar. Trust Co. of New York*, 709 F.2d 1463, 1467 (11th Cir. 1983), *citing McKie v. McKie*, 213 Ga. 582, 100 S.E.2d 580 (1957). Mutual assent as to all material terms is the touchstone of all contracts under Georgia law. *Complete Concepts v. General Handbag Corp.*, 880 F.2d 382, 387 (11th Cir. 1983); *Auto-Owners Ins. Co. v. Crawford,* 240 Ga. App. 746, 750, 525 S.E.2d 118, 120 (1999).

Four hornbook principles of mutual assent are relevant to whether a contract has been formed in the instant case. *First,* conditional offers cannot form a

contract if the condition is not satisfied. *Burks v. Colonial Life & Acc. Ins. Co.*, 98 F. Supp. 140, 144 (M.D. Ga. 1951). *Second*, an offeree's power of acceptance is terminated at the time specified in the offer or at the end of a reasonable time. *Restatement (Second) of Contracts* § 41(1); s*ee Sherrod ex.rel. Cantone v. Kidd,* 138 Wash. 73, 74, 155 P.3d 976, 977 (Wash. App. 2007). *Third*, acceptance of an offer must be unconditional, unequivocal and without variance of any sort or there is no mutual assent necessary for contract formation. *Auto-Owners*, 240 Ga. App. at 750, 525 S.E.2d at 120 (citation omitted). *Fourth*, if there is any essential term upon which agreement is lacking, no valid and binding contract has been formed. *Id.*; *In re Hopson,* 216 B.R. 297, 301 (Bankr. N.D. Ga. 1997).   LG's alleged settlement agreement cannot meet any of these four threshold requirements of contract formation.

### 1. *The Conditional Lapsed Offer*

To begin with, Synchrome's offer expired on September 30, 2011 when the Patent Office confirmed all claims of the '925 patent. Dkt. No. 184-1, Rounds Decl. Exhibit A. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Dkt. No. 193, Exhibit 16. The record is undisputed that both parties' offers were ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *Id.,* Exhs. 17-20. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

███████████████████████████████████ because that was both the explicit understanding of the parties and a reasonable time frame under the circumstances. *Burks,* 98 F. Supp. at 144; *Restatement,* § 41(1) and (2). Thus, ██████ ███████████████████████████████████ was not satisfied and the offer was not timely accepted. *Id.*

LG failed to address this fundamental formation issue at the time of the parties' dispute or in its Motion. *See* Dkt. No. 193; s*ee* Exhs. 22-27. ██████ ██████████████████████████████████████████████████ ███████████████.[2]  Instead, LG argues that ██████████████████ ██████████████████████████████████████████████████ ██████████████ and withdrew it in its September 28 offer (██████████). Dkt. No. 193, 12-13, Exhs. 18-20. For the record, it was LG that requested the ██ ██████████████████████████████████████ if Synchrome prevailed. *Id.,* Exh. 19. Most importantly, Synchrome's September 28th offer (indeed all offers by either party) was still based upon ██████████████ ██████, just as LG's September 22nd offer of ██████████ was. *Id.*

---

[2] LG's omission of material evidence is not new. In a February 7, 2011 Order, Judge Carnes set a hearing for LG to explain why it had failed to disclose a "significant defeat" in its reexamination requests in light of the Patent Office's rejection of the Milligan prior art. Dkt. No. 166, p. 3. That hearing was canceled when the case was reassigned. Dkt. No. 167.

Not only does LG's August 22nd letter ███████████████████ ███████████████████████████████, but its conduct corroborates it. With no reexamination pending, LG offered ████████. Dkt. No. 193, Exh. 7. With the reexamination pending ████████████, LG offered ██ ████. *Id.,* Exh. 16. It is objectively evident that the ████████████ ██████ was the basis for both LG and Synchrome's August and September 2011 offers. If LG had instead ████████████████████████████, is there any doubt that its ████████ offer would have expired? None.

Because Synchrome's ████████ offer lapsed on September 30, 2011 and was not timely accepted, there was no settlement agreement between the parties.

### 2. *No Unconditional Acceptance*

Even if Synchrome's ████████ conditional offer did not lapse – which it did – LG's alleged agreement also fails because its October 3, 2011 email was not an unequivocal acceptance of Synchrome's September 30, 2011 ████████ offer. Dkt. No. 193, Exh. 23. LG's counter-offer was $███████████████████ ████████████████████ on Synchrome's behalf. *Id.* Whatever that deducted amount was, LG was not agreeing to pay the ████████ Synchrome had offered to accept. *Id.* And, more importantly, the ████████████ (presumably by LG's parent) was not acceptable to Synchrome because it had uncertain █████

8

███████████████████. Werbicki Decl. ¶¶ 3-5. Had the parties continued to negotiate LG's counter-offer, Synchrome would have at a minimum countered that the payment must come from ████████████████████████████████████ ████████████████████████████████. *Id.* There was no meeting of the minds as to an essential term – price. *Id.*

Because Synchrome's offer was not unconditionally accepted, there was no meeting of the minds on price and no settlement agreement reached.

### 3.  *Other Essential Terms*

In addition to price, the parties had still not finalized the precise units that would be the subject of the non-exclusive license, the scope of the release for affiliate companies, confidentiality and other terms. *Id.* ¶ 6. ██████████ ████████████████████████████████████████████████████ ████████████████████████████████ *Id.* While price was certainly the most important term, all of the other terms were material and still subject to negotiation. *Id.* Whether the parties might have reached agreement on these terms if they had agreed on price is not the issue. Georgia law requires that these terms be agreed upon in order for a contract to exist. *Auto-Owners*, 240 Ga. App. at 750, 525 S.E.2d at 120; *In re Hopson,* 216 B.R. at 301. Because all essential terms had not been agreed upon, no agreement was reached.

LG breezily asserts that all terms of settlement have been reached, but even its requested (and incomplete) terms cannot withstand scrutiny. Dkt. No. 193, p. 3. As noted, the ███████████████████████ was never agreed to by the parties. Werbicki Decl. ¶ 6. LG appears to be changing that offer to ███████████████, but that simply proves that there was no contract to begin with. Nor are the purported licensed "royalty bearing" products identified or agreed to. Dkt. No. 193, p. 3. The proposed products to be licensed were discussed in the 2010 settlement negotiations, but were never finally agreed to. *See* Dkt. No. 193, Exh. 14. Last, it is not understood what "finally resolved" means. Dkt. No. 193, p. 3. Does this mean a mutual release and, if so, which parties are included? Does it mean a dismissal with prejudice? The law requires agreement, not inference. Taken as a whole, LG's proposed contractual terms have not been agreed to, are incomplete and are not capable of enforcement.

## **CONCLUSION**

For each and all of the above reasons, LG's Motion must be denied.

Respectfully submitted this 14th day of February, 2012.

    /s/ Michael D. Rounds
Michael D. Rounds *(admitted pro hac vice)*
Adam K. Yowell *(admitted pro hac vice)*
WATSON ROUNDS

5371 Kietzke Lane
Reno, NV 89511

Jill A. Pryor (#589140)
BONDURANT MIXSON & ELMORE
1201 West Peachtree St. NW
Suite 3900
Atlanta, GA 30309

*ATTORNEYS FOR PLAINTIFF*
*SYNCHROME TECHNOLOGY, INC.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SYNCHROME TECHNOLOGY, INC., <br><br> Plaintiff, <br><br> vs. <br><br> LG ELECTRONICS U.S.A., INC., et al., <br><br> Defendants. | Case No. 1:09-cv-1736 -SJC <br><br> **JURY TRIAL DEMANDED** |

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 5.1(C)

This is to certify pursuant to Local Rule 7.1(D) that Plaintiff's Opposition to Defendants' Joint Motion for Further Relief was prepared using Times New Roman 14 point font in accordance with Local Rule 5.1(C).

This 14th day of February, 2012.

/s/  Michael D. Rounds
*Attorney for Plaintiff Synchrome Technology, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that on February 14, 2012, the foregoing **REDACTED OPPOSITION TO MOTION TO ENFORCE SETTLEMENT** was served upon counsel of record in this action via the Court's CM/ECF procedure.

>  /s/ Michael D. Rounds
>  MICHAEL D. ROUNDS